UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRENDA PICKERN,

    Plaintiff,

    v.

TESORO WEST COAST COMPANY, LLC, et al.,

    Defendants.

No. 2:15-cv-00103-MCE-CMK

**MEMORANDUM AND ORDER**

By way of the present action, Plaintiff Brenda Pickern ("Plaintiff") seeks redress from Defendants Tesoro West Coast Company, LLC, dba USA Gasoline #68192, and Tesoro Sierra Properties, LLC (collectively "Defendants" or "Tesoro") for alleged violations of the Americans with Disabilities Act ("ADA") and related state laws. In her initial Complaint, filed January 14, 2015, Plaintiff alleges Defendants' gas station located at 382 East Cypress Avenue in Redding, California, contained five specific barriers that interfered with or denied her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. Presently before the Court is Plaintiff's Motion to Amend her Complaint, ECF No. 41, as well as Tesoro's Motion for Summary Judgment, ECF No. 43. For the reasons set forth below, Plaintiff's Motion is DENIED and Defendants' Motion is GRANTED IN PART and DENIED IN PART.[1]

---

[1] Because oral argument would not have been of material assistance in rendering a decision, the Court ordered these matters submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**STANDARDS**

    **A.    Motion to Amend**

    Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure,[2] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

    Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to other parties. Id.

    If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Id. at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

### B. Motion for Summary Judgment

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995). The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party

cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. 87.

    In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

///
///
///
///

**ANALYSIS**

A. **Motion to Amend**

Plaintiff moves to amend her complaint to add allegations of thirteen additional barriers, while removing four of the five barriers originally alleged in her Complaint. As a preliminary matter, Plaintiff indicates that Rule 15 should apply to her request because "no last day to amend was included in the scheduling order issued on January 28, 2016." Pl.'s Mot. to Amend, ECF No. 41, at 4. Defendants are correct, however, that because the Court's scheduling order provides that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown," the deadline for amending the pleadings under the more liberal Rule 15 standard lapsed with the issuance of the Pretrial Scheduling Order. Consequently, Rule 16's more stringent good cause standard applies here.

As set forth above, Rule 16 primarily considers the diligence of the party seeking amendment. Johnson, 975 F.2d at 609. Plaintiff asserts that good cause exists because she was diligent in seeking amendment shortly after expert disclosures were due under the Court's scheduling order. Pl.'s Reply, ECF No. 46, at 3. She argues that the motion could not have been brought sooner because (1) the gas station underwent rebranding and a remodel after her first visit to the gas station; (2) the remodel resulted in some of the additional barriers discussed in her expert's report; and (3) she did not receive the expert report detailing the additional barriers until recently. Pl.'s Mot. at 5. But—as Defendants point out—the gas station was rebranded before Plaintiff even filed her Complaint. Def.'s Opp., ECF No. 45, at 5. So even assuming Plaintiff was diligent in seeking to amend shortly after the deadline for expert disclosures, she was not diligent in ascertaining the various barriers that existed when she filed her Complaint, nor was she diligent in ascertaining those barriers shortly after filing her Complaint. Rather, it appears Plaintiff simply failed to take the steps necessary to identify the additional

///

barriers—either by revisiting the gas station herself or by hiring an expert to do so—for nearly two years. Such inaction cannot be deemed diligent.

Moreover, even if the Court were to find that Plaintiff acted diligently in seeking to amend, the motion would be denied under Rule 15 because such amendment would prejudice Defendants and would create a substantial delay in this case. Though it is true that Plaintiff does not seek to add new defendants or new theories of recovery, Plaintiff's proposal of adding thirteen new barriers and removing four of the five current barriers essentially asks the Court to allow her to file a new lawsuit long after discovery has closed and expert reports have been exchanged. Such an amendment would require the Court to reopen discovery to allow the parties to essentially begin developing a new case with regard to the thirteen new challenges. It is no less efficient this late in the game for Plaintiff to file a new lawsuit if the thirteen new barriers cannot be otherwise resolved or cured.

For the above reasons, Plaintiff's Motion to Amend, ECF No. 41, is DENIED.

**B.      Motion for Summary Judgment[3]**

In her Complaint, Plaintiff alleges violations of the ADA and related state laws stemming from the following five barriers:

    1.      The disabled parking space has slopes and/or cross slopes that exceed 2.0%.

    2.      The access aisle has slopes and/or cross slopes that exceed 2.0%.

    3.      The restroom door lock requires twisting, pinching and/or grasping to operate.

///

///

---

[3] Plaintiff acknowledges that her Opposition to Defendants' Motion for Summary Judgment was filed late. The Court has construed Defendants' Request for Clarification regarding the late-filed Opposition as a Motion to Strike the Opposition and, upon reviewing all filings, declines to strike Plaintiff's Opposition. Plaintiff's tardiness amounts to excusable neglect; it has not prejudiced Defendants, has not delayed or otherwise impacted this Court, and does not appear to be the result of bad faith. Consequently, and because the Court favors determination of motions on the merits, the Court has considered Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

4. The waste receptacle obstructs the use of the soap and paper towel dispensers.

5. The pipes beneath the lavatory are incompletely wrapped.

More specifically, with respect to all five barriers, Plaintiff brings causes of action under the ADA, California's Disabled Persons Act, California's Unruh Civil Rights Act, and California's Health and Safety Code. Defendants have moved for summary judgment of Plaintiff's ADA claim only, arguing that the five alleged barriers either do not exist or are not considered disabled access barriers under the law. Defendants then argue that without a pending ADA claim, the Court lacks jurisdiction over the case and should therefore dismiss Plaintiff's state law claims.

Plaintiff does not dispute Defendants' position with respect to barriers (1) and (2) above and, as such, concedes that those barriers do not exist. SUF Nos. 1-6, ECF No. 50-5. Because there are no material issues of fact regarding these barriers, the Court grants Defendants' motion with respect to barriers (1) and (2), and turns to barriers (3) through (5) below.

### 1. Barrier (3): The Restroom Door

Defendants assert that "Plaintiff alleges in her Complaint that because a key is required to open the women's restroom door lock and <u>because that key requires grasping, pinching or twisting</u>," it violates the ADA. Def.'s Mot. at 4 (emphasis added). Defendants' expert then opines that the restroom "door lock does not require grasping, pinching, or twisting because the key for the lock is a non-fixed portion of the lock and this is not subject to the ADA's prohibition against grasping, pinching, or twisting." Defs' SUF No. 8. The problem is that Defendants are mistaken in their characterization of Plaintiff's claim and, as a result, Defendants' expert has not addressed Plaintiff's true contention.

Contrary to Defendants' assertion, it appears Plaintiff does not dispute that <u>keys</u> are not subject to the ADA's "grasping, pinching, or twisting" prohibition and does not contend that the key to the restroom is the root of the alleged ADA violation. Rather, she

asserts that the <u>lock itself</u> requires twisting, pinching, and/or grasping, and has submitted a declaration in support of the same, with photos of the lock.  In their Reply, Defendants counter that because the lock is always engaged from the inside in the lock position, there is no need to pinch or twist the lock.  At bottom, the parties dispute whether the lock requires grasping, pinching, or twisting.  Consequently, there is a triable issue of material fact concerning whether the lock to the restroom complies with ADA standards.  Summary judgment with respect to this barrier is therefore not appropriate.[4]

### 2. Barrier (4): The Waste Receptacle

Plaintiff asserts in her Complaint that the waste receptacle which protrudes from the wall in the restroom obstructs her use of the soap and paper towel dispensers above it, in violation of the ADA.  Defendants' expert opines—and Plaintiff concedes—that protrusions up to 10 inches are allowed under the ADA and because the receptacle only protrudes 6.5 inches, it does not violate the ADA.  Def.'s Mot. at 5; Pl.'s Opp at 4; SUF Nos. 10-12.  Because there is no genuine factual dispute, summary judgment is appropriate with respect to this alleged barrier.

To the extent Plaintiff asserts in her Opposition that the waste receptacle obstructs the clear space required to access the water closet, such an allegation raises a barrier that is not alleged in the Complaint and—as set forth above—amendment of the Complaint to add new allegations will not be permitted.  Plaintiff may choose to file a new lawsuit alleging that the waste receptacle obstructs her access to the water closet, but that barrier is not at issue in this action.

///

///

///

///

---

[4] Defendants' objections to Plaintiff's declaration are overruled.  Moreover, the Court notes that because Defendants' expert did not address Plaintiff's specific contention with respect to this barrier, Defendants' argument is supported only by the declaration of Tuan Nguyen, an employee of Tesoro.  See Defs.' Reply at 3-4; Nguyen Decl. at ¶ 4.  While Defendants' description of the lock may be more detailed, the Court finds Plaintiff's declaration sufficient to raise a genuine dispute as to the existence of this barrier.

### 3. Barrier (5): The Pipe Wrapping

Lastly, Plaintiff alleges that the pipes beneath the sink are incompletely wrapped, causing her to risk burning her legs when washing her hands. Under the ADA, the pipes must be wrapped or configured to "protect against contact." Both Plaintiff's and Defendants' respective experts have submitted photographs of the piping showing that it is wrapped, with small portions of the pipe exposed. As Defendants point out in their motion, the experts reach different conclusions on whether the wrapping is sufficient under the ADA. Def.'s Mot. at 5; SUF No. 14. This dispute between experts reflects the very basis for the Court's denial of summary judgment with respect to this barrier. There is a genuine dispute as to whether the pipes are sufficiently wrapped or configured to protect against contact, and for that reason summary judgment with respect to this barrier is inappropriate.

### 4. State Law Claims

Because the Court has found that genuine issues of material fact exist with respect to two of Plaintiff's five asserted barriers, Plaintiff's ADA claim survives summary judgment with respect to those two barriers. Consequently, the Court will continue to exercise supplemental jurisdiction over Plaintiff's state law claims, which are otherwise unaffected by Defendants' motion.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend, ECF No. 41, is DENIED. Defendants' Motion for Summary Judgment, ECF No. 43, is GRANTED IN PART and DENIED IN PART. As explained above, Defendants' motion is granted with respect to Plaintiff's alleged barriers concerning (1) the slope of the disabled parking space; (2) the slope of the access aisle; and (3) the obstruction caused by the waste

///

///

receptacle. The motion is denied with respect to Plaintiff's alleged barriers concerning (1) the restroom door lock; and (2) the wrapping of the pipes beneath the lavatory.

IT IS SO ORDERED.

Dated: January 22, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE